UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-223(7)(WMW/LIB)

UNITED STATES OF AMERICA,

      Plaintiff,

          **PROPOSED JOINT FINDINGS UNDER CARES ACT**

  v.

(7) DREW WILLIAM GRAVES,

      Defendant.

The United States of America and Drew William Graves, by and through his attorney, Robert Richman, hereby submit the following proposed findings to support proceeding by videoconference under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, §§ 15002(b)(2)(A). Pursuant to the CARES Act, Pub. Law. No. 116-136, §§ 15002(b)(2)(A) and (b)(4), the Court may proceed with Mr. Graves' change of plea hearing by videoconference so long as the Court finds "specific reasons" that the change of plea hearing "cannot be further delayed without serious harm to the interests of justice." In this case, further delay will harm the interests of justice because Mr. Graves indicated on and before March 11, 2022, that he was prepared to enter a guilty plea in this case. Moreover, this case stems from a late 2019 investigation involving a large drug conspiracy on the Red Lake Indian Reservation and the December 2019 arrest of Mr. Graves. Multiple defendants are at various stages in the court process.  Since his federal arrest on a supervised release violation in early 2020 and subsequent new charges in this matter in late 2020, Mr. Graves has awaited a semblance of finality regarding this

matter. After violating the conditions of his pretrial release, Mr. Graves has been in custody since December 2021. Given the length of the investigation, and Mr. Graves' desire for finality, it is important to Mr. Graves that his case proceed forward without delay.

At this time, there continues to be a risk of COVID-19 infections in this District and within the local jails, including the Douglas County Jail where Mr. Graves is confined. Accordingly, it is safer for Mr. Graves and the jail population that Mr. Graves does not travel to the Twin Cities metropolitan area to appear in person for this proceeding. Proceeding by video conference will ensure a timely resolution of this matter without having to wait for the pandemic to wane.

Additionally, pursuant to General Order No. 34 and Mr. Graves' consent (ECF No. 162), this Court has the authority to conduct Mr. Graves' change of plea hearing using video teleconference technology. Given these reasons, the parties represent to the Court that there are "specific reasons" under the CARES Act to conduct Mr. Graves' change of plea hearing currently set for March 18, 2022, at 10:30 a.m. via video teleconference.

| | |
|---|---|
| March 16, 2022 | Respectfully submitted, |
| | CHARLES J. KOVATS, Jr. |
| | /s/ Deidre Y. Aanstad |
| | Deidre Y. Aanstad |
| | Assistant U.S. Attorney |
| | |
| | /s/ Robert Richman |
| | Robert Richman, Esq. |
| | Counsel for Drew William Graves |